HEARD NOVEMBER TERM, 1877.

## FIELD vs. HURST.

An objection apparent on the face of the complaint that various causes of action have been improperly joined in the complaint can only be taken by demurrer under § 170, Subdiv. 5, of the Code of Procedure.

BEFORE TOWNSEND, J., AT DARLINGTON, FEBRUARY, 1877.

This was an action by Matchet Field against Samuel F. Hurst and others.

The case is as follows:

The defendant answered the complaint but filed no demurrer. At the trial the defendant's counsel contended that the complaint contained several causes of action; that they could not be united in one complaint, and that therefore the plaintiff must elect his cause of action in advance of the trial. His Honor so ruled, and the plaintiff, by his counsel, excepted.

*Edwards*, for appellant.

*Dargan, Spain*, contra.

March 8, 1878. The opinion of the Court was delivered by

HASKELL, A. J. The defendants answered in this case and went to trial, but at the opening of the trial they "insisted that such various causes of action could not be joined in one complaint, and that therefore the plaintiff must elect his jurisdiction and cause of action in advance of the trial."

The presiding Judge so ruled, and compelled the plaintiff to sever the pleadings in his case, and allowed the defendants to plead anew.

By the Code of Procedure, Section 167, Revised Statutes, p. 605, it is provided "* * * * The defendant may demur to the complaint when it shall appear upon the face thereof * * * 5. That several causes of action have been improperly united."

SEC. 170. "When any of the matters enumerated in Section 167 do not appear upon the face of the complaint the objection may be taken by answer."

SEC. 171. If no such objection be taken, "either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the Court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

Certainly neither of the two latter exceptions were charged in this case, for the defendants allege jurisdiction both in law and equity, and that the complaint states facts sufficient to constitute several causes of action.

The defendants seem to base their motion on Section 167: "5. That several causes of action have been improperly united." And on that the presiding Judge seems to have ruled, for he held "that the plaintiff must notify defendants what cause of action he relied on." That can only mean on which of the several causes of action in the complaint he relied.

This precludes the idea that this ruling may have rested·upon Section 183, page 608, Revised Statutes, which relates to the treatment of instances of irrelevancy, redundancy, indefiniteness and uncertainty in the pleadings.

The defendants, not having demurred to the complaint, had waived any objection, and the case should have proceeded to trial.

It is difficult to perceive why the Court allowed a new answer to be filed when the amendment which was ordered added no new matter of fact or of law to the complaint. The whole proceeding was wrong and irregular.

By Section 190, page 609, Revised Statutes, " the plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of." Then follows a recital of several classes of causes.

If the complaint exceed the limits herein prescribed, the only objection must, by Subdivison 5 of Section 167, be made by demurrer.

By Section 171, if no such objection be taken by demurrer, the defendant shall be deemed to have waived the same. The Court must proceed to hear the case and decide according to the pleadings and the evidence, exercising its discretionary power by amending the pleadings to conformity with the evidence where that may be proper.

The consideration of other questions is unimportant, as the Court deems the one already considered good ground for a new trial.

The motion for a new trial is granted.

*Willard*, C. J., and *McIver*, A. J., concurred.